Ernest Roosevelt **PATRICK**, Plaintiff,

v.

Walter **REDMAN**, Oliver W. Casson, Charles M. Oberly, III, Defendants.

Civ. A. No. 90–480–RRM.

United States District Court, D. Delaware.

April 6, 1993.

Ernest Roosevelt Patrick, pro se.

Aleph Ann Woolfolk, State of Del. Dept. of Justice, Wilmington, DE, for defendants.

## MEMORANDUM OPINION

McKELVIE, District Judge.

This a civil rights case. The plaintiff is a state prisoner and is black. He is serving a life sentence for Class A felony homicide. In his original complaint, the plaintiff apparently had alleged five violations of constitutional law with respect to his denial of parole on March 6, 1991, and the rescheduling of another hearing thirty-six months later. On January 14, 1993, the Court entered an Opinion and Order dismissing three of the claims and scheduling summary judgment briefing for the remaining two claims. The remaining claims are: 1) that in denying the plaintiff parole at his March 6, 1991, hearing and scheduling his rehearing thirty-six months later, the Parole Board discriminated against him on the basis of his race; and, 2) that members of the Parole Board conspired to deprive the plaintiff of his right to be free of invidious racial discrimination. On February 19, 1993, the defendants moved for summary judgment as to these claims. As of the date of this Opinion, the plaintiff has failed to file a response. This is the Court's Opinion on the defendants' Motion for Summary Judgment.

For the following reasons, the Court will grant the defendants' motion.

Summary judgment is appropriate when the evidence offered demonstrates that there is no genuine issue of material fact in dispute and no jury could reasonably find by a preponderance of the evidence that the nonmoving party is entitled to judgment in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). The moving party bears the burden of demonstrating a lack of genuine issue of fact; accordingly, courts must read the record in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

There is no evidence in the record that the Parole Board discriminated against the plaintiff on the basis of his race. The plaintiff has submitted no more than a conclusory allegation of discrimination. The unrebutted facts as submitted by the defendants show that the Parole Board has neither engaged in a pattern of discriminatory conduct nor considered the race of the plaintiff in denying his parole and scheduling his next hearing thirty-six months later.

First, the defendants have submitted affidavits showing that a general pattern of racial discrimination on the part the Parole Board does not exist. The plaintiff has failed either to rebut the defendants' showing that no pattern exists or to submit any information that could give rise to an inference of a pattern of discrimination. *See* Defendants' Opening Brief in Support of Motion for Summary Judgment; Appendix to Defendants Brief in Support of Motion for Summary Judgment.

Additionally, there is no evidence the Parole Board discriminated against the plaintiff individually. On denying the plaintiff's appli-

cation, the Parole Board cited seven legitimate reasons for the denial, including: 1) the institution's recommendation not to grant parole; 2) the extremely serious nature of the offence; 3) prior failure under parole supervision; 4) lengthy arrest record; 5) history of excessive drinking; 6) need for continued therapeutic alcohol counseling; and, 7) need for more concrete release planning. Moreover, the defendants have submitted affidavits showing no pattern of discrimination by the Parole Board on the day in which the petitioner's application was heard. *See* Defendants' Opening Brief in Support of Motion for Summary Judgment; Appendix to Defendants Brief in Support of Motion for Summary Judgement.

As there is no evidence of a pattern of racial discrimination, either with respect to similarly situated offenders or offenders who came up for parole on the same day as the plaintiff, and as there is no evidence of discrimination against the plaintiff individually, the Court concludes the defendants are entitled to summary judgment on the plaintiff's first claim. Based on this conclusion, the Court must additionally grant summary judgment to the defendants with respect to the conspiracy claim, as it is clear that the plaintiff has alleged no facts demonstrating an overt act that could be the basis for a conspiracy under either federal (42 U.S.C. §§ 1985, 1986) or state common law. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971) (overt act required for § 1985 conspiracy claim); *Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir.1980), *cert. denied*, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981) (§ 1986 claim requires valid claim under § 1985); *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 150 (Del.Supr.1987) (citing *McLaughlin v. Copeland*, 455 F.Supp. 749, 752 (D.Del.1978), *aff'd*, 595 F.2d 1213 (3d Cir.1979)) (state law requires unlawful act done in furtherance of conspiracy).